UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SCOTT SOUDERS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:22-CV-1045-RHH ) |
| MARTIN O'MALLEY,[1] Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the court on Plaintiff's Application for Attorney's Fees Under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). (ECF No. 27.) Plaintiff requests attorney's fees in the amount of $6,838.95, at rates ranging from $238.29 to $246.51 per hour for 29.25 hours of work in 2022 and 2023. Defendant Martin O'Malley, Commissioner of Social Security, does not object to Plaintiff's request for attorney's fees, nor the amount requested. (ECF No. 29.) Based on the following, the Court will award Plaintiff attorney's fees in the amount of $6,838.95.

### I.  Factual and Procedural Background

Plaintiff Scott Souders filed this action, pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of Defendant denying Plaintiff's application for disability insurance benefits under the Social Security Act. (ECF No. 1.) On September 29, 2023, the Court issued a Memorandum and Order and Judgment in favor of Plaintiff pursuant to sentence four of 42 U.S.C. § 405(g). (ECF Nos. 25, 26.) Plaintiff filed a request for attorney's fees under the EAJA on December 21, 2023. (ECF Nos. 27, 28.) Defendant filed a response on January 2, 2024. (ECF No. 29.)

---

[1] Martin O'Malley became the Commissioner of Social Security on December 20, 2023. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Martin O'Malley shall be substituted for Kilolo Kijakazi as the defendant in this suit. *See* 42 U.S.C. § 405(g).

## II. Standard of Review

"A court shall award to a prevailing party. . . fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

A party seeking an award of fees and other expenses must (1) submit to the court an application for fees and other expenses which shows that the party is a prevailing party and eligible to receive an award; (2) provide the amount sought, including an itemized statement from any attorney or expert witness representing or appearing on behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed; (3) allege that the position of the United States was not substantially justified; and (4) make the application within thirty days of final judgment of the action.  28 U.S.C. § 2412(d)(1)(B).  The determination of whether the position of the United States was substantially justified shall be determined on the basis of the record made in the action for which the fees are sought.  *Id.*  "In sentence four [remand] cases, the filing period begins after the final judgment ("affirming, modifying, or reversing") is entered by the Court and the appeal period has run so that the judgment is no longer appealable." *Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991) (citing 28 U.S.C. § 2412(d)(2)(G) ("Final judgment" means a judgment that is final and not appealable.")).

"It is well-settled that in order to be a prevailing party for EAJA purposes, plaintiff must have received some, but not necessarily all, of the benefits originally sought in his action." *Stanfield v. Apfel*, 985 F.Supp. 927, 929 (E.D. Mo. 1997) (*citing Swedberg v. Bowen*, 804 F.2d 432, 434 (8th Cir.1986)). Obtaining a sentence four judgment reversing the Secretary's denial of benefits is sufficient to confer prevailing party status. *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993).

**III.   Discussion**

In this action, the Court finds that Plaintiff has demonstrated that an award of attorney's fees under the EAJA is appropriate in this matter.  First, Plaintiff is a prevailing party in this action, because he has obtained a reversal of the Commissioner's denial of his application for benefits. (ECF No. 25.)

Second, Plaintiff's application for attorney's fees is reasonable.  Plaintiff requests attorney's fees in the amount of $6,838.95, at rates ranging from $238.29 to $246.51 per hour for 29.25 hours of work in 2022 and 2023. Plaintiff includes an itemized statement from his attorney stating the actual time expended and the rate at which the attorney's fees were computed. (ECF No. 28-1.) Therefore, the Court will award Plaintiff attorney's fees for a total of 29.25 hours of work.

The EAJA sets a statutory limit on the amount of fees awarded to counsel at $125.00 per hour, "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii).  "In determining a reasonable attorney's fee, the court will in each case consider the following factors:  time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and the amount involved." *Richardson-Ward v. Astrue*, 2009 WL1616701, No. 4:07-CV-1301 JCH at *1 (E.D. Mo. June 9, 2009).  "The decision to increase the hourly rate is at the discretion of the district court." *Id.* at *2. "Where, as here, an EAJA petitioner presents uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than [$125.00] per hour, enhanced fees should be awarded." *Johnson v. Sullivan*, 919 F.2d 503, 505 (8th Cir. 1990).

Plaintiff's counsel cited evidence from the U.S. Department of Labor, explaining the change in the cost of living from 1996 when the $125.00 hourly limitation became effective and 2022 and 2023. (ECF No. 28-2.) Defendant does not contest the hourly rate, the total fee request, nor the number of hours itemized in the invoice.  Upon consideration of these facts, the Court finds that the hourly rate, number of hours expended, and a total fee award of $6,838.95 is reasonable.  As alleged by Plaintiff, the Court finds that the Defendant's position was not substantially justified.  Therefore, the Court will award Plaintiff $6,838.95 in attorney's fees.

Plaintiff has submitted a signed Assignment of Federal Court EAJA Attorney Fee assigning any award he may receive under the EAJA to his attorneys. (ECF No. 28-3.) The EAJA requires that the attorney's fee award be awarded to the prevailing party, in this case the Plaintiff, not the Plaintiff's attorney. *Astrue v. Ratcliff*, 560 U.S. 586, 591 (2010) (the term "prevailing party" in fee statutes is a "term of art" that refers to the prevailing litigant (citing 42 U.S.C. § 2412(d)(1)(A)).  Awards of attorney fees to the prevailing party under the EAJA are "subject to a [g]overnment offset to satisfy a pre-existing debt that the litigant owes the United States." *Ratcliff*, 560 U.S. at 589.  Any award for attorney's fees must be subject to any government offset, even if the Plaintiff has assigned his right to the award to his attorney. Therefore, the Court will direct the Commissioner to make Plaintiff's attorney's fee award payable to Plaintiff as directed below, subject to any pre-existing debt Plaintiff owes to the United States.

IV.   Conclusion

Based on the foregoing, the Court will award Plaintiff attorney's fees in the amount of $6,838.95.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application for Attorney's Fees Under the Equal Access to Justice Act is **GRANTED**.  [ECF No. 27.]

**IT IS FURTHER ORDERED** that the Social Security Administration shall remit to Plaintiff, attorney's fees in the amount of $6,838.95, subject to any pre-existing debt that the Plaintiff owes the United States and the check should be mailed to Plaintiff's counsel, Jennifer Van Fossan, assignee. Dated this 3rd day of January, 2024.

_____
RODNEY H. HOLMES
UNITED STATES MAGISTRATE JUDGE